## FORD et al. v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. January 21, 1921.)

No. 3517.

1. **Intoxicating liquors ⬤⟹132—War Time Prohibition Act continued in force for trials thereunder.**

Under National Prohibition Act, § 35, providing that it shall not relieve any person from liability incurred under existing laws, the War Time Prohibition Act (Comp. St. Ann. Supp. 1919, §§ 3115$^{11}$/$_{12}$f–3115$^{11}$/$_{12}$h) remained in force for the trial, after enactment of the National Prohibition Act, of a charge for selling intoxicating liquor prior to such enactment, contrary to the War-Time Prohibition Act.

2. **Indictment and information ⬤⟹166—Prosecution need not prove fact was unknown to grand jury.**

A prosecution for selling intoxicating liquor, where the indictment alleged the liquor was alcohol mixed with some substance to the grand jury unknown, and there was no evidence that the grand jurors knew or were informed what that substance was, there was a presumption that it was unknown to the grand jury, which dispensed with the necessity of proving that allegation of the indictment.

In Error to the District Court of the United States for the Western District of Texas; W. R. Smith, Judge.

John Ford and others were convicted of selling intoxicating liquor, in violation of the War-Time Prohibition Act, and they bring error. Affirmed.

---

⬤⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Joseph M. Nealon, of El Paso, Tex., for plaintiffs in error.

Hugh R. Robertson, U. S. Atty., of San Antonio, Tex. (E. B. Elfers, Asst. U. S. Atty., of El Paso, Tex., on the brief), for the United States.

Before WALKER, BRYAN, and KING, Circuit Judges.

WALKER, Circuit Judge. The plaintiffs in error were convicted on counts of an indictment, filed on October 13, 1919, charging sales of intoxicating liquor in violation of the War-Time Prohibition Act of November 21, 1918 (Comp. St. Ann. Supp. 1919, §§ 3115$^{11}$/$_{12}$f–3115$^{11}$/$_{12}$h).

[1] There is no merit in the suggestion that the law mentioned was not in force when the trial and conviction occurred, as section 35 of the National Prohibition Act of October 28, 1919 (41 Stat. 305), contains the provision:

"Nor shall this act relieve any person from any liability, civil or criminal, heretofore or hereafter incurred under existing laws."

[2] Each of the counts upon which there was a conviction charged a sale of a glass of alcohol mixed with some substance to the grand jury unknown. Error is assigned on the court's refusal to give the following instruction requested in behalf of the defendants:

"You are instructed that if the evidence shows that the grand jurors could by reasonable diligence have ascertained what was the substance mixed with the alcohol, alleged to have been sold in the various counts of the indictment, you will acquit each of the defendants on all of the counts of the indictment."

The refusal to give that charge was not reversible error. There was no evidence tending to prove that the grand jurors knew or were informed what was the substance which was mixed with the alcohol charged to have been sold. In that condition of the evidence there was a presumption that such substance was unknown to the grand jury, and such presumption dispensed with the necessity of adducing evidence to prove the averment of the indictment in that regard. United States v. Riley (C. C.) 74 Fed. 210.

Of the other rulings complained no more need be said than that no one of them was erroneous.

The judgment is affirmed.